JUSTICE WEBER
dissents as follows:
The majority concluded that Garn’s prior crimes or acts are not sufficiently similar or relevant to prove sexual intercourse without consent or sexual assault, and the evidence is inadmissible character evidence. I disagree with that conclusion.
*304 As pointed out in the majority opinion the issues are whether Garn had sexual intercourse without consent, whether Garn reasonably believed K.M. was older than 16, and whether Garn subjected K.M. to sexual contact without her consent. The majority relies upon State v. Keys (1993), 258 Mont. 311, 852 P.2d 621, and concluded that innuendoes from Garn’s prior crimes and acts could also tend to go to his character and his propensity to act in conformity with the evidence and that such evidence could have distracted the jury from the main question at trial. The majority then concludes that it did not find sufficient similarity between the acts to conclude that the crime of supplying alcohol to underage girls and enticing them to pose nude for photographs tends to prove whether K.M. consented or not. The position in that regard is set forth in my dissent in Keys and I will not restate the same. I do suggest there has been an improper focus on the actual issue for consideration in this opinion.
I believe that the majority has disregard paragraph (1) of the Modified Just analysis which states:
(1) The crimes, wrongs or acts must be similar. In substance the majority has concluded that the crimes must be similar before there can be an admission under the Modified Just Rule. As held in numerous other cases, the evidence may be admissible even though it does not consist of crimes or wrongs and consists only of “acts.”
The acts on the part of Garn with regard to K.M. showed that he persuaded her to take her clothing off and to be photographed before proceeding further. In a similar manner, the evidence as to S.M. and A.W. established that after Garn had them change into different attire he had them dance while he took polaroid pictures and urged the girls to remove more clothing while he continued to take pictures. Up to that point it is clear that the acts committed against the three girls were similar and almost identical in nature. The evidence further showed that Garn attempted to persuade A.W. to stay and continue modeling for him, but she refused to do so. In the present case, Garn proceeded further, and based upon the evidence submitted at trial engaged in sexual intercourse without consent with K.M., reasonably believing that she was older than sixteen, and subjected K.M. to sexual contact without her consent. It is true that the crimes with which Garn was charged could not have been charged in connection with his conduct with S.M. and A.W. It is apparently that difference in conduct which leads the majority to conclude that Garn’s prior acts are not sufficiently similar to prove sexual intercourse *305 without consent or sexual assault, and the evidence is therefore inadmissible. I believe the conclusion of the majority ignores the express wording of the Modified Just Rule which in paragraph (1) does not limit the similarity to crimes only, but allows the proof if “acts” are similar. The acts which are a significant part of the whole transaction in both cases are similar. Under previous cases, the evidence would have been admitted and I believe should have been admitted in this case.
I disagree with the effective narrowing of the Modified Just Rule. I would reverse the granting of a new trial.